**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DERRICK HENRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13 -CV-2060-BF |
| | § | |
| **BG OF DALLAS CORPORATION** | § | |
| **and BILL GREER,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiff Derrick Henry has filed a motion for entry of final judgment of attorney's fees and costs in this civil action brought against Defendants BG of Dallas Corporation and Billy Greer under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). For the following reasons, Plaintiff's motion is DENIED without prejudice as premature.

**Background**

By this lawsuit, Plaintiff claims that he is entitled to $463.59 in unpaid overtime wages for hours worked as a cook at Defendants' restaurant and $463.59 in liquidated damages. *See* Pl. Orig. Compl. (Doc. 1) at 2, ¶¶ 7-10; Pl. Mot. (Doc. 7) at 1. Defendants contend that Plaintiff's overtime wages were merely delayed, not denied, and thus dispute liability under the FLSA. *See* Def. Ans. (Doc. 5) at 2, ¶ 10; Def. Resp. App. (Doc. 10) at 13. As part of settlement negotiations, Defendants tendered $927.18 to Plaintiff as full payment of the unpaid overtime and liquidated damages. *See* Pl.'s Mot. at 1; Def. Resp. App. at 2. Negotiations broke down, however, when the parties could not agree on the amount of attorney's fees due to Plaintiff's counsel. *See* Def. Resp. App. at 3. Thereafter, Plaintiff filed the instant motion for entry of final judgment of attorney's fees and costs

in the total amount of $4,798.50.  Pl. Mot. at 6.  The motion has been fully briefed, and the matter is ripe for determination.

## Legal Standards and Analysis

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Fee awards are mandatory for prevailing plaintiffs in FLSA cases.  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("[A]n employer who violates the [FLSA] is ... required to pay attorney's fees."); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006) (recognizing that "prevailing party" fee-shifting jurisprudence applies in FLSA cases even though the attorney's fee provision of the Act does not specifically mention a "prevailing party").  Here, Plaintiff contends that he is entitled to an award of attorney's fees as a prevailing party because Defendants tendered to him the full amount of the unpaid overtime and liquidated damages demanded.  Pl. Mot. at 1-2.  Defendant objects that Plaintiff is not a prevailing party because he has not obtained any judicial relief.  Def. Mot. at 1-3.

In the Fifth Circuit, a plaintiff must satisfy three requirements to demonstrate prevailing party status:  (1) he must achieve judicially-sanctioned relief; (2) the relief must materially alter the legal relationship between the parties; and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.  *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).  "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]."  *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).  In this case, Plaintiff has failed to demonstrate prevailing party status.  He has not obtained a judgment or achieved any other judicially-sanctioned

relief. Nor have the parties entered into a settlement agreement that Plaintiff is entitled to enforce. Defendants' mere tender of the full amount Plaintiff claims is due for unpaid overtime and liquidated damages simply lacks the necessary judicial imprimatur to support prevailing party status.

## CONCLUSION

Because Plaintiff has not yet obtained any judicially-sanctioned relief, he has not achieved prevailing party status and is not entitled to an award of attorney's fees under the FLSA. Plaintiff's motion for entry of final judgment of attorney's fees and costs (Doc. 7) is therefore DENIED without prejudice as premature.

SO ORDERED, February 3, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE