IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK HENRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13 -CV-2060-BF |
| | § | |
| **BG OF DALLAS CORPORATION** | § | |
| **and BILL GREER,** | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM ORDER**

Plaintiff Derrick Henry has filed a motion for enforcement of a settlement agreement in this civil action to recover unpaid overtime wages brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff contends that the parties entered into a settlement agreement on February 11, 2014 which contemplated that Defendants BG of Dallas Corporation and Bill Greer would make five installment payments to Plaintiff on or before the first of each month beginning March 1, 2014. Defendants tendered the first payment to Plaintiff on February 28, 2014, but later failed to tender any additional payments. When Defendants refused to cooperate with Plaintiff's requests to comply with the terms of the agreement, Plaintiff filed the instant motion to enforce the settlement agreement. Plaintiff also seeks an award of reasonable costs and attorney's fees incurred in bringing the motion for enforcement. Defendants did not file a response to Plaintiff's motion and ignored an order to show cause why Plaintiff's motions should not be granted. The Court therefore considers Plaintiff's motion without the benefit of a response.

Federal law governs the validity of a settlement agreement where, as here, the substantive rights and liabilities of the parties derive from federal law. *Mid-S. Towing Co. v. Har-Win, Inc.*, 733

F.2d 386, 389 (5th Cir. 1984). Under federal law, a settlement agreement is considered a contract. *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). "A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v. Highland Capital Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov.27, 2012). "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-CV-1124-G, 2010 WL 190456, at *1 (N.D. Tex. May 12, 2010).

The record in this case clearly shows that the parties entered into a binding agreement to settle their dispute. Lead counsel for both parties appeared at a pretrial status conference on February 11, 2014 and informed the Court that this case had settled. Order (Doc. 14) dated 2/13/14. Email communications between the parties' counsel further establish that Defendants unconditionally accepted Plaintiff's offer to settle the case for $1,250.00 and agreed to pay the full amount in five equal installments of $250.00 on the first of each month from March 1, 2014 through July 1, 2014. Pl. Mot., Ex. A. The existence of a binding agreement is also supported by Defendants' conduct in paying the first installment before March 1, 2014 consistent with the terms of the parties' agreement. *Id.*, Ex. B. Because Defendants have made no showing of a change in circumstances that would warrant repudiation of the parties' settlement agreement, the motion to enforce the settlement agreement is granted. *See Fields v. SBC Comm., Inc. Disability Income Plan*, No. A-11-CV-1022-AWA, 2014 WL 2765687, at *4 (W.D.Tex. June 18, 2014) (granting motion to enforce settlement agreement where movant established binding agreement to settle and non-movant failed to demonstrate change in circumstances); *Crane v. Educ. Futures Grp.*, No. 3:12-CV-

04060-K, 2014 WL 2117171, at *2 (N.D. Tex. May 21, 2014) (same).

## CONCLUSION

Plaintiff's Motion for Enforcement of Settlement Agreement (Doc. 15) is GRANTED. Defendants are ORDERED to pay Plaintiff $1,000.00, which represents the balance of the settlement amount due under the parties' agreement by October 31, 2014. Defendants are further ORDERED to pay Plaintiff's reasonable attorney's fees and costs incurred in bringing the motion for enforcement.

SO ORDERED, October 8, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE